Nelson v. Kessinger.

---

R. S. NELSON ET AL.

V.

THOMAS G. KESSINGER ET AL.

ACKNOWLEDGMENT OF CHATTEL MORTGAGE—OFFICER DE FACTO.— Where a police magistrate who was duly commissioned, and had been acting as magistrate of a village for twelve years, lived in a village which was partly in one county and partly in another, and his office, where he always kept his docket, was in one county, and his residence in another, and the chattel mortgages in question were acknowledged and entered on his docket at his office, and the mortgagor lived in the township in the county where the magistrate's office was, but not in the village. *Held*, that the magistrate at the time he took the acknowledgments was an officer *de facto*, and as such all his official acts were valid.

APPEAL from the Circuit Court of Montgomery county; the Hon. J. J. PHILLIPS, Judge, presiding. Opinion fi.ed January 16, 1885.

Messrs. LANE & COOPER, for appellants; as to officers *de facto*, cited Trumbo v. People, 75 Ill. 565; People v. Ammons, 5 Gilm. 105; Guyer v. Andrews, 11 Ill. 494; Mapes v. People, 69 Ill. 523.

As to acknowledgment in such case being valid: Ticknor v. McClelland, 84 Ill. 471; Durfee v. Grinnell, 69 Ill. 371.

Mr. GEORGE L. ZINK and Mr. JAMES M. TRUITT, for appellees; as to what is necessary to constitute an officer *de facto*, cited Pritchett v. People, 1 Gilm. 525; Barlow v. Standford, 82 Ill. 298.

DAVIS, P. J.  This was an action of trover by appellees against appellants to recover the value of property claimed by appellees.  It is a controversy between the parties as to the ownership of a steam threshing engine; appellants claiming it by virtue of certain chattel mortgages, and appellees under a constable's sale and execution.

The real and decisive point of the case is, as to the validity of the acknowledgments of the chattel mortgages; it being practically conceded by appellees that if the acknowledgments of the chattel mortgages are valid, the mortgages are prior liens and will hold the property against their claim.

The facts of the case as shown by the record are substantially these: On the 2d day of November, 1882, Taylor Boyce executed to the J. I. Case Threshing Machine Company a mortgage on the property in controversy to secure $1,175, the last note maturing on the 1st of November, 1884.  This mortgage was acknowledged before David H. Sample and recorded Nov. 3, 1882.  He also, on the 11th of September, 1882, executed to the Northwestern Manufacturing and Car Company a mortgage on the same property to secure $440, the last note maturing Sept. 1, 1884.  This mortgage was also acknowledged before David H. Sample and recorded Sept. 15, 1882.  Taylor Boyce, at the time he acknowledged the two mortgages in question, was a resident of Harvel township in Montgomery county, Illinois, and David H. Sample, before whom they were acknowledged, was at the

time of such acknowledgment a police magistrate in the village of Harvel, duly commissioned as such by the Governor of the State of Illinois, and had been acting as such magistrate in said village for about twelve years, and had served three terms, and was last commissioned by the governor as such police magistrate of said village, and authorized and empowered to execute and fulfill the duties of that office according to law on May 10, 1881. His office is in Harvel, Harvel township, Montgomery county, and he keeps his docket there and nowhere else. He took the acknowledgments of the mortgages and entered the same on his docket in his office in such county. When he took the acknowledgments of such mortgages, Taylor Boyce was a resident of Harvel township, but not of the village of Harvel. The village of Harvel is partly in Montgomery county and partly in Christian county, but the greater portion is in Montgomery and in the township of Harvel. The residence of Sample is in Christian county about three hundred feet from the line, but within the corporate limits of the village of Harvel. At village elections he votes in the village of Harvel, Harvel township, Montgomery county, and at general elections he votes in Christian county.

On the trial below, appellants offered in evidence the foregoing facts and the notes and mortgages executed by Taylor Boyce, but the court, on the objection of appellees, excluded the notes and mortgages and refused to permit them to be given in evidence, to which action of the court appellants excepted, whereupon the court rendered judgment against appellants for $600 and overruled their motion for a new trial. To reverse the judgment appellants appealed to this court.

Section 2 of chapter 95 of the statutes of this State, entitled "Mortgages" page 765, provides that chattel mortgages may be acknowledged before a justice of the peace of the town or precinct where the mortgagor resides.

In this case the mortgagor resides in Harvel township, Montgomery county, and the magistrate who took the acknowledgments resides in Christian county.

Appellees claim that the acknowledgments of the mort-

gages were invalid because the officer who took them, not only did not reside in the township in which Boyce, the mortgagor, resided, but did not live in the same county, but in the county adjoining. On the other hand appellants insist that the acknowledgments are valid because the mortgagor lives in the same precinct where the magistrate who took the acknowledgments was an acting justice of the peace.

We prefer not to pass upon these questions, which we concede to be difficult and perplexing, because as we view the case, we deem a decision of them unnecessary. In our view, David H. Sample, at the time he took the acknowledgments of the two mortgages in question, was an officer *de facto*, and as such all his official acts are valid. Our Supreme Court has defined such an officer to be one who has the reputation of being the officer he assumes to be in the exercise of the functions of the office, and yet is not a good officer in point of law. Mapes v. The People, 69 Ill. 523; Barlow v. Standford et al., 82 Ill. 298. To constitute such an officer there must be some color of right to the office, or an acquiescence on the part of the public for such a length of time as to authorize the presumption at least of a colorable election or appointment. Pritchett v. The People, 1 Gilman, 525.

It seems to us that the facts proved in this case bring Sample within the definition of an officer *de facto*. He had the reputation of being and was believed to be the police magistrate of the village of Harvel, and had his office of magistrate and official docket in Harvel township, and had been transacting official business as such officer in the township for the period of about twelve years. Appellees concede that he was a police magistrate in the village of Harvel. As such police magistrate he had been transacting his official business in the township of Harvel for the three terms he had been commissioned by the governor. While he may not have been a justice of the peace *de jure* of the township of Harvel during the twelve years he acted as magistrate in such township, by reason of his being a resident of Christian county, he undoubtedly was an officer *de facto* of the township during the time he had his office and docket there and acted as such

magistrate.   As such police magistrate of the village he had
authority to take the acknowledgments of the mortgages,
and as officer *de facto* with some color of right under his com-
mission issued to him by the governor of the State as police
magistrate, all his official acts as such officer *de facto*, includ-
ing the acknowledgments of the mortgages in question, are
valid and effectual.

Entertaining these views, we think the court below should
have permitted the notes and mortgages executed by Boyce to
be given in evidence, and in excluding them we think the
court erred.   For these reasons the judgment must be re-
versed and the cause remanded.

Judgment reversed.